UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER,

        Plaintiff,

v.                                 CASE NO. 3:21-cv-1069-HES-MCR

STATE OF FLORIDA and JUDGE
KRISTINA K. MOBLEY,

        Defendant(s).

_____/

## REPORT AND RECOMMENDATION[1]

    **THIS CAUSE** is before the Court on Plaintiff's Application to Proceed

in District Court Without Prepaying Fees or Costs (Long Form)

("Application") (Doc. 2).   For the reasons stated herein, the undersigned

recommends that the Application be **DENIED** and the case be **DISMISSED**

**without prejudice**.

    The Court may, upon a finding of indigency, authorize the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed.R.Civ.P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

commencement of an action without requiring the prepayment of costs, fees, or security.   28 U.S.C. § 1915(a)(1).   The Court's decision to grant *in forma pauperis* status is discretionary.   *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).   While a litigant need not show that he is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."   *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

The undersigned has reviewed Plaintiff's Application and finds it to be deficient because it is not notarized.   (*See* Doc. 2.)   However, even when a plaintiff is indigent, a court receiving an application to proceed *in forma pauperis* must dismiss the action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. Nov. 20, 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. Jan. 19, 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.   28 U.S.C. §§ 1331, 1332.   Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .   Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts.   *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).   An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."   *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).   To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.   Fed.R.Civ.P. 8(a).   This statement of facts must show the plausibility of Plaintiff's claim.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."   *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also*

3

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").   Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim.   *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Here, the Complaint alleges that approximately four years ago, Clay County Court Judge Kristina K. Mobley issued an order, placing Simon C. Tully ("Simon")[2] in a teen rehabilitation center in Hastings, Florida, after he tried to commit suicide.   (Doc. 1 at 3.)   The Complaint further alleges that Simon was repeatedly raped and subjected to repeated violence and abuse by the staff at the rehabilitation center.   (*Id.*)   The Complaint also alleges that "Defendant waived the right to immunity from prosecution by recklessly endangering the life of a minor child with a documented history of mental health issues."   (*Id.* at 5.)   Additionally, the United States Department of Justice is allegedly investigating Clay County police for criminal facilitation of aggravated child abuse and reckless endangerment.   (*Id.* at 3.)   As relief, Plaintiff requests one million dollars in damages for the undue stress caused

---

[2] The Complaint alleges that Plaintiff is Simon's guardian and caregiver as Simon has severe mental health issues.   (Doc. 1 at 3.)   The Application indicates, however, that Simon, who is twenty years old, is Plaintiff's husband.   (Doc. 2 at 3.)

by Defendant's actions; that Defendant be arrested and held without bond pending trial before she endangers another person; that Defendant be removed from her job because she is incompetent to be a judge; and that Defendant be examined by a mental health doctor to determine if she is stable to stand trial.   (*Id.* at 4-5.)

First, it appears that Plaintiff is trying to bring this action on behalf of Simon—a twenty-year-old man with severe mental health issues.   While Plaintiff alleges that he is Simon's guardian and caregiver (*see id.* at 3), Plaintiff has not presented any evidence or record to that effect; in fact, in the Application, Plaintiff represents that Simon is his husband (*see* Doc. 2 at 3). To the extent Plaintiff asks to be appointed as a guardian, he has not alleged that it would be proper to do so.   Plaintiff has previously filed other, similar actions in this Court seeking custody and guardianship of individuals with mental health issues, which have been dismissed without prejudice for lack of subject matter jurisdiction and without leave to amend.   *See, e.g.*, *Fisher v. Yaccarino*, No. 3:18-cv-1299-MMH-MCR (M.D. Fla. Nov. 19, 2018) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought custody and guardianship of defendant, who was allegedly not capable of making sound decisions due to severe mental health problems) (report and recommendation adopted on Dec. 10, 2018); *Fisher v. Ross*, No. 3:15-cv-1525-MMH-MCR (M.D. Fla. Jan. 14,

5

2016) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought custody and guardianship of defendant, who was allegedly suffering from bipolar disorder and had refused mental health treatment) (report and recommendation adopted on Feb. 8, 2016); *Fisher v. Griffis*, No. 3:11-cv-47-J-99TJC-JRK (M.D. Fla. Feb. 1, 2011) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought full and complete custody of defendant, who was allegedly suffering from bipolar disorder, ADHD, a learning disability, and a drug and alcohol problem, based on the 1973 Mental Health Act) (report and recommendation adopted on Mar. 14, 2011); *Fisher v. Griffis*, No. 3:09-cv-1107-TJC-HTS (M.D. Fla. Nov. 18, 2009) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought full and complete custody of defendant based on the 1973 Mental Health Act) (report and recommendation adopted on Dec. 29, 2009); *Fisher v. Griffes*, No. 3:08-cv-829-HLA-HTS (M.D. Fla. Sept. 8, 2008) (recommending dismissal of the complaint without giving plaintiff an opportunity to amend where the complaint sought custody of defendant based on the 1973 Mental Health Act) (report and recommendation adopted on Sept. 30, 2008).

Even assuming *arguendo* that this action could proceed with Mr. Fisher as Plaintiff, acting on behalf of Simon, it would still be dismissed for failure

6

to state a claim on which relief may be granted and/or for seeking monetary relief against a defendant who is immune from such relief.   Even when construed liberally, the Complaint fails to state a claim on which relief may be granted, because Judge Mobley[3] is entitled to immunity from Plaintiff's claims.   Assuming that Plaintiff is suing Judge Mobley in her official capacity, the claims are barred by Eleventh Amendment immunity and should be dismissed.   *See Price v. Stone*, No. 4:11-cv-40 CDL-MSH, 2011 WL 2791350, *2 (M.D. Ga. May 3, 2011) (report and recommendation adopted by 2011 WL 2791958 (M.D. Ga. July 18, 2011)) ("A suit against a state official in his or her official capacity is no different from a suit against the state, which fails because of sovereign immunity.") (citing *Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996)).

To the extent Plaintiff is suing Judge Mobley in her individual capacity, the claims should also be dismissed because Defendant is entitled to absolute judicial immunity.   "'[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.'"   *Price*, 2011 WL 2791350, at *2 (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).   "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are

---

[3] Although the Complaint also names the "State of Florida" as a party Defendant, there are no allegations against the State of Florida aside from those asserted against Judge Mobley.

acting in their judicial capacity unless they acted in 'the clear absence of all jurisdiction.'"   *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam).   "Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge . . . ."   *Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006).   "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"   *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).   "Judges are also absolutely immune from suit when (1) the acts in question were performed while he or she was dealing with the parties in his or her judicial capacity, (2) the acts were of the sort normally performed by judicial officers and (3) the judge's conduct did not fall clearly outside his subject matter jurisdiction."   *Mosley v. Awerbach*, No. 8:06 CV 592 T 27MSS, 2006 WL 2375050, *4 (M.D. Fla. Aug. 15, 2006) (citing, *inter alia*, *Stump v. Sparkman*, 435 U.S. 349 (1978)).

Here, Judge Mobley was acting in her judicial capacity when she issued an order, placing Simon in a teen rehabilitation center after he tried to commit suicide.   *See, e.g.*, *Wilson v. Bush*, 196 F. App'x 796, 799 (11th Cir. 2006) ("Entering a judgment or order is a quintessential judicial function and immunity attached to it.").   Further, Plaintiff has failed to allege that any

action taken by Judge Mobley was "taken in the absence of all jurisdiction, and the Court fails to see how such an allegation would be supportable." *Price*, 2011 WL 2791350, at *3.

Because Judge Mobley is absolutely immune from Plaintiff's claims, the Complaint should be dismissed without prejudice for failure to state a claim on which relief may be granted and/or for seeking monetary relief against a defendant who is immune from such relief.[4]   *See Brewster v. Land*, No. 4:21-cv-102 (LAG) (MSH), 2021 WL 3084916, *3 (M.D. Ga. July 21, 2021); *Price*, 2011 WL 2791350, at *3; *Mosley*, 2006 WL 2375050, at *4 ("Plaintiffs' IFP Motions seek leave to file a complaint which seeks monetary relief from Defendants who are immune from such relief and, consequently, should be denied as to any complaint which seeks relief against Defendants Judge Bray and Judge Diskey.").

Although a *pro se* plaintiff is ordinarily given an opportunity to amend

---

[4] Any claims against Judge Mobley for injunctive or declaratory relief would also be barred.   *See Henderson v. Augusta Jud. Cir.*, No. CV 120-175, 2021 WL 1216877, *2 (S.D. Ga. Mar. 4, 2021).   "For a Plaintiff to receive injunctive or declaratory relief, 'the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable.'"   *Id.* (quoting *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020)).   Also, there must be an "absence of an adequate remedy at law."   *Bolin*, 225 F.3d at 1242.   Plaintiff here does not allege a violation of a declaratory decree, that declaratory relief is otherwise unavailable, or that there is an absence of an adequate remedy at law.   Moreover, to the extent any injunctive or declaratory relief sought by Plaintiff would "interfere[] with the state court's judicial process, a federal court lacks jurisdiction and should abstain from interfering under the principles of *Younger v. Harris*, 401 U.S. 37 (1971)."   *Henderson*, 2021 WL 1216877, at *3.

his complaint out of an abundance of caution, it is clear in this case, even when construing the allegations in the Complaint liberally, that permitting Plaintiff to proceed *in forma pauperis* would be inappropriate, particularly in light of his history of filing numerous, non-meritorious actions in this Court. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.   To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* . . . .").

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Application (**Doc. 2**) be **DENIED**.

2.      This action be **DISMISSED without prejudice**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 27, 2021.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Harvey E. Schlesinger
Senior United States District Judge

*Pro Se* Plaintiff